UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and<br>CHARLENE VINCENT,<br>    Plaintiffs,<br><br>vs.<br><br>CITY OF LINCOLN, a Municipal<br>Corporation, Lincoln, Illinois,<br>[SHAWN] PETTIT, Police Officer,<br>City of Lincoln, [KEITH] DeVORE,<br>Police Officer, City of Lincoln, and<br>KEVIN LYNN, Police Officer,<br>City of Lincoln,<br>    Defendants. | No. 10-cv-3131 |

### DEFENDANTS, SHAWN PETTIT, KEITH DEVORE, AND KEVIN LYNN: ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AT LAW

NOW COME Defendants SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, by their attorneys, Torricelli & Limentato, and for their Answer to the Complaint filed by Plaintiffs, JEFFREY T. JONES and CHARLENE VINCENT, state as follows:

### Introduction

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of State Law the rights, privileges and immunities secured by the Constitution of the United States, and the Constitution of the State of Illinois in that Defendants, and each of them violated the constitutional rights of the Plaintiffs by their actions prior to, at the time of, and subsequent to the events complained herein.

    **ANSWER:**  Defendants, SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police

    Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police

    Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, (hereinafter

"Defendants") admit that Plaintiffs' action is brought pursuant to 42 U.S.C. §1983, but Defendants deny the remaining matters contained in Paragraph 1 of Plaintiffs' Complaint.

2. On or about July 5 – July 6, 2008, the Plaintiffs, Jeffrey T. Jones and Charlene Vincent, at all times mentioned herein are citizens of the United States and residence of the County of Logan, Lincoln, Illinois.

> **ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3. On or about July 5 – 6, 2008, the Defendant, the City of Lincoln, Illinois a Municipal Corporation, was and still is a political subdivision of the State of Illinois, organized and existing under and by virtue of the laws of the state of Illinois and at all times mentioned herein was acting under color of state law and was charged *inter alia*, with enforcing the laws of the State of Illinois.

> **ANSWER:** Defendants admit the Defendant, City of Lincoln, Illinois a Municipal Corporation, was and still is a political subdivision of the State of Illinois, organized and existing under and by virtue of the laws of the state of Illinois. The Defendants do not address the remaining matters contained in Paragraph 3 of Plaintiffs' Complaint as said matters are directed towards Defendant, City of Lincoln.

4. On or about July 5 – 6, 2008, the Defendant Shaun Pettit, was and is at all times here and after a police officer of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois and at all times mentioned herein was acting in his official capacity and under color of state law on behalf of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois, as a law enforcement agent to enforce the laws of the State of Illinois as the agent of the City of Lincoln, Lincoln, Illinois.

> **ANSWER:** Defendant, SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) admits that he was and is at all times here and after a police officer of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois. Defendant, SHAWN PETTIT, (Incorrectly

sued as Shaun Pettit) denies the remaining matters contained in Paragraph 4 of Plaintiffs' Complaint as untrue as alleged by Plaintiffs.

5. On or about July 5 – 6, 2008, the Defendant Jason DeVore, was and is at all times here and after a police officer of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois and at all times mentioned herein was acting in his official capacity and under color of state law on behalf of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois, as a law enforcement agent to enforce the laws of the State of Illinois as the agent of the City of Lincoln, Lincoln, Illinois.

> **ANSWER:** Defendant, KEITH DeVORE, (Incorrectly sued as Jason DeVore) admits the matters contained in Paragraph 5 of Plaintiffs' Complaint.

6. On or about July 5 – 6, 2008, the Defendant Kevin Lynn, was and is at all times here and after a police officer of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois and at all times mentioned herein was acting in his official capacity and under color of state law on behalf of the City of Lincoln, Illinois, a Municipal Corporation, Lincoln, Illinois, as a law enforcement agent to enforce the laws of the State of Illinois as the agent of the City of Lincoln, Lincoln, Illinois.

> **ANSWER:** Defendant, KEVIN LYNN, admits admit the matters contained in Paragraph 6 of Plaintiffs' Complaint.

**Statement of Facts**

7. The Plaintiffs, Jones and Vincent were attending "Heritage Days" 4th of July weekend festival, arriving in downtown Lincoln, Illinois around 9:00 p.m.

> **ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. After listening to music and socializing with other people for a while, Jones and Vincent went to the Alley-Bi Saloon on Pulaski Street in Lincoln, Illinois. Plaintiffs, Jones and Vincent, met with some people that they knew, including Illinois State Trooper Craig Rios, with

whom they had a few drinks. Lincoln City Police Officer Jason Lucas was also present and talking and socializing with Plaintiffs, Jones and Vincent.

> **ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9. When last call occurred at approximately 1:45 a.m. Jones shared one more drink with Craig Rios and then Jones and Vincent walked outside through the alley entrance with Jason Lucas, crossed the alley and were standing in a small parking lot which serves the tavern and another nearby tavern known as Character's Pub.

> **ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10. Jones and Vincent and Jason Lucas were talking for a few minutes and heard voices emanating from a group of young men standing at the west end of the parking lot about 1/3 to ½ of a block away.

> **ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11. The voices got louder and suddenly one young man, Shaun Pettit, came running at Jones and Vincent and Jason Lucas, with a second man following at a slightly slower pace.

> **ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 11 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. More of the group followed and appeared to watch the events that occurred next.

> **ANSWER:** Defendants, have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint.

13. As the Defendant, Shaun Pettit closed in on Plaintiff Jones, Jason Lucas obviously recognized him and began yelling, No, no. It's alright, stop…"

4

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 13 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

14. The man charged into Plaintiff Jones, pushing him with both hands, causing Jones to stumble backwards.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 14 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

15. Jason Lucas then tried to restrain the man, Defendant Shaun Pettit, yelling "Stop, don't do that!"

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 15 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint.

16. Vincent was standing at Jones right a few feet away from the attacker and said, "You don't want to do that, calm down, be cool…"

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 16 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. In response to this Pettit grabbed Vincent's hand, bending her thumb backwards with enough force that her thumb rings were pulled off.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18. Vincent yelled out in pain and pulled away from Pettit.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Jason Lucas tried to hold Pettit back, who continued to reach around Lucas in an effort to get at Jones.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 19 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Pettit was yelling, "You ain't that tough, (expletive)-you, you can't (expletive) with us", meaning the Lincoln City Police Officers, and in other words in an effort to induce a fight.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 20 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient

knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. Jason Lucas continued telling Shaun Pettit to "back off, calm down, etc."

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 21 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Jones replied "What are you talking about? Who are you? Just back off, etc." Vincent said, "Just stop, don't do that" as Pettit continued to try and to get to Jones. Pettit then turned to Vincent and grabbed her by her face and neck area and twisted her head sideways causing Vincent to cry out in a pain.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23. In response, to defend Vincent, Jones struck Pettit one time with his fist, knocking Pettit backwards.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) admits that Plaintiff JEFFERY T. JONES, struck him with his fist. Defendant SHAWN PETTIT denies the remaining allegations set forth in Paragraph 23 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24. During Pettit's attack, other Lincoln City Police officers were standing behind him.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 24 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25. After Jones' punch in defense of Vincent, Pettit backed into the group of other police officers and began yelling at Jones, "We'll beat your ass, calling out his address to Jones, come out anytime and we'll take care of you and beat your ass, etc"

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

26. Jason Lucas then told Jones and Vincent, "Just go. It is okay."

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 26 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Complaint.

27. Jones and Vincent then walked past the group of Lincoln police officers and went to their car while Pettit (and possibly others) continued to yell at them.

**ANSWER:** Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) denies the allegations set forth in Paragraph 27 of Plaintiffs' Complaint. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Jones and Vincent drove away and went to a friend's house for a few minutes. They then spent a while driving around in Lincoln, Illinois.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiffs' Complaint.

29. About an hour after the incident, they drove back by Character's Pub parking lot, where the incident occurred, and the same group of Lincoln police officers were still standing in the lot.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. As they drove toward the Lincoln Motel on Woodlawn Road, they noticed a vehicle following them.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31. As Jones and Vincent parked and exited their vehicle they saw that the car following them stopped in the middle of Woodlawn Road with the driver talking on the cell phone.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32. Jones walked towards the vehicle and could hear the driver saying, "He is walking towards me…", after which the driver put the vehicle in reverse and accelerated rapidly, driving in a high speed in reverse.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33. Within moments, three to four Lincoln City Police vehicles arrived at the motel and several officers accosted Jones and arrested him for Aggravated Battery.

**ANSWER:** Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN admit they were present at the scene at the arrest of Plaintiff JEFFERY T.

9

JONES. Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN deny the remaining allegations set forth in Paragraph 33 of Plaintiffs' Complaint. Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) has insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

34. The arresting officers were Defendants, Jason DeVore and Kevin Lynn.

**ANSWER:** Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN admit the allegations in Paragraph 34 of Plaintiffs' Complaint. Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) has insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

35. During the arrest process, Officer Lynn stated to Jones "We'll show you what happens when you (expletive) with one of ours."

**ANSWER:** Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN deny the allegations in Paragraph 35 of Plaintiffs' Complaint. Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) has insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiffs' Complaint.

36. Vincent was not arrested.

**ANSWER:** Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and KEVIN LYNN admit the allegations in Paragraph 34 of Plaintiffs' Complaint. Defendant SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) has insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

37. Jones was held in jail for a period of time, bond was apparently set by phone calls or a directive of the State's Attorney, Tim Huyett, at $20,000.00 with 10% to apply.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

38. The $2,000.00 was posted by Jones' family and after being released from jail; Jones went to Tim Huyett to complain about the matter.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

39. After talking with State's Attorney Huyett; Assistant Police Chief Michael Geriets called Jones and advised him that a State Trooper wanted to talk to him.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

40. Jones and Vincent submitted to interviews with the Illinois State Trooper.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Apparently, further investigation was conducted the Illinois State Police and no criminal charge was filed against Jones with respect to the incident.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Several days passed and the bond was refunded to Jones by mail.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Jones was never required to appear in court with respect to any charges filed pursuant to the arrest.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiffs' Complaint.

44. Following this incident, Lincoln City Police pursued other incidents in which Jones allegedly committed offenses, none of which resulted in any charges being filed until the present criminal charges occurred involving Ricky Hopp and his friends.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

45. Jones believes that Lincoln City Police encouraged Hopp to seek an Order of Protection against Jones and provided him with advice and encouragement to gain Ricky Hopp, Jr.'s cooperation so that Jones could be arrested and charged again.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

46. One of the present charges involves Jones alleged possession of firearm, ammunition (.22 caliber cartridges) allegedly found in his pocket when he was arrested after Ricky Hopp fired shots at him.

**ANSWER:** Defendants KEITH DeVORE, (Incorrectly sued as Jason DeVore) and SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) admit they were present at an arrest of Plaintiff JEFFERY T. JONES for unlawful possession of ammunition. Defendant KEVIN LYNN has insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

47. Ricky Hopp, Jr., the Plaintiff Vincent's 18 year old son had previously fired shots at Jeff Jones.

**ANSWER:** Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

48. Apparently, Lincoln Police Officers incorrectly presumed and falsely asserted the Plaintiff, was still subject to an Order of Protection obtained by Ricky Hopp, Jr. at the time, Ricky Hopp Jr. fired shots at the Plaintiff, Jeff Jones.

**ANSWER:** Defendants deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

## COUNT I

NOW COME Defendants SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, by their attorneys,

Torricelli & Limentato, and for their Answer to Count I of the Complaint filed by Plaintiff, JEFFERY T. JONES, state as follows:

49. Plaintiff repeats, realleges and adopts Paragraph 1 – 48 of this Complaint as and for Paragraphs 1 – 48 of Count I of this Complaint and expressly incorporates the same herein as though set forth in full as in *haec verbo*.

> **ANSWER:** Defendants reassert the admissions, denials, and responses contained in ¶¶ 1 - 48 and incorporate them herein by reference as though fully set forth.

50. By reason of the acts and the conducts of the Defendants while acting under the color of state law and in their official capacity and each of them, Plaintiff was caused to and did suffer personal injuries, a great shock to his nervous system, emotional distress and injury, great humiliation and embarrassment and was thereby damaged in Plaintiff's reputation of which is permanent and was subject to unlawful arrest at the time of the events complained herein.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. As a result, the conduct of the Defendants was so egregious, wanton and willful, the Plaintiff requests that he be awarded punitive damages.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52. As a result of the actions of the Defendants and each of them, the Plaintiff requests that Plaintiff be awarded Plaintiff's attorneys fees to paid by the Defendants and each of them, pursuant to 42 USC § 1988.

> **ANSWER:** Defendants, deny the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

WHEREFORE, Defendants, SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, pray that Plaintiff, JEFFREY T. JONES, receive a Judgment of No Cause of Action against Defendants; and that

Defendants be awarded their costs and disbursements; that Defendants be awarded their reasonable attorney fees incurred in the defense of Plaintiffs' Claims; and this Court award such other and further relief in Defendants' favor as this Court may deem just and equitable.

## JURY DEMAND

Defendants respectfully demand trial by Jury.

Respectfully Submitted,

SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN,

Defendants,

/s/ Nathaniel M. Schmitz
Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

## COUNT II

NOW COME Defendants SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, by their attorneys, Torricelli & Limentato, and for their Answer to Count II of the Complaint filed by Plaintiff, CHARLENE VINCENT, state as follows:

53. Plaintiff repeats, realleges and adopts Paragraph 1 – 48 of this Complaint as and for Paragraphs 1 – 48 of Count I of this Complaint and expressedly incorporates the same herein as though set forth in full as in *haec verbo*.

**ANSWER:** Defendants reassert the admissions, denials, and responses contained in ¶¶ 1 - 48 and incorporate them herein by reference as though fully set forth.

54. By reason of the acts and the conducts of the Defendants while acting under the color of state law and in their official capacity and each of them, Plaintiff was caused to and did suffer personal injuries, a great shock to his nervous system, emotional distress and injury, great humiliation and embarrassment and was thereby damaged in Plaintiff's reputation of which is permanent and was subject to the events complained herein.

**ANSWER:** Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55. As a result, the conduct of the Defendants was so egregious, wanton and willful, the Plaintiff requests that he be awarded punitive damages.

**ANSWER:** Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56. As a result of the actions of the Defendants and each of them, the Plaintiff requests that Plaintiff be awarded Plaintiff's attorneys fees to paid by the Defendants and each of them, pursuant to 42 USC § 1988.

**ANSWER:** Defendants, deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

WHEREFORE, Defendants, SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, pray that Plaintiff, CHARLENE VINCENT, receive a Judgment of No Cause of Action against Defendants; and that Defendants be awarded their costs and disbursements; that Defendants be awarded their reasonable attorney fees incurred in the defense of Plaintiffs' Claims; and this Court award such other and further relief in Defendants' favor as this Court may deem just and equitable.

## JURY DEMAND

Defendants respectfully demand trial by Jury.

Respectfully Submitted,

SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, and KEVIN LYNN,

Defendants,

/s/ Nathaniel M. Schmitz
  Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

# **FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY SHAWN PETTIT**

NOW COMES Defendant, SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, by his attorneys, Torricelli & Limentato, and for the First Affirmative Defense to Plaintiffs' Complaint, states as follows:

No action taken by Defendant, SHAWN PETTIT, violated any clearly established constitutional right possessed by Plaintiff at anytime, and the law would not have put Defendant SHAWN PETTIT on notice that any action taken by him with respect to the Plaintiff during the events at issue would be clearly unlawful. Therefore Defendant, SHAWN PETTIT, is entitled to qualified immunity from Plaintiffs' Claims.

WHEREFORE, Defendant, SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln, prays that Plaintiffs receive a Judgment of No Cause of Action against Defendant, SHAWN PETTIT and that Defendant be awarded his costs and disbursements; that Defendant be awarded his reasonable attorney fees incurred in the defense of Plaintiffs' Claims; and this Court award such other and further relief in Defendant's favor as this Court may deem just and equitable.

Respectfully Submitted,

SHAWN PETTIT, (Incorrectly sued as Shaun Pettit) Police Officer, City of Lincoln,

Defendant,

/s/ Nathaniel M. Schmitz
Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

## SECOND AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY KEITH DeVORE

NOW COMES Defendant, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, by his attorneys, Torricelli & Limentato, and for the Second Affirmative Defense to Plaintiffs' Complaint, states as follows:

No action taken by Defendant, KEITH DeVORE, violated any clearly established constitutional right possessed by Plaintiff at anytime, and the law would not have put Defendant KEITH DeVORE on notice that any action taken by him with respect to the Plaintiff during the events at issue would be clearly unlawful. Therefore Defendant, KEITH DeVORE, is entitled to qualified immunity from Plaintiffs' Claims.

WHEREFORE, Defendant, KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln, prays that Plaintiffs receive a Judgment of No Cause of Action against Defendant, KEITH DeVORE and that Defendant be awarded his costs and disbursements; that Defendant be awarded his reasonable attorney fees incurred in the defense of Plaintiffs' Claims; and this Court award such other and further relief in Defendant's favor as this Court may deem just and equitable.

Respectfully Submitted,

KEITH DeVORE, (Incorrectly sued as Jason DeVore) Police Officer, City of Lincoln,

Defendant,

/s/ Nathaniel M. Schmitz
Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

# THIRD AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY KEVIN LYNN

NOW COMES Defendant, KEVIN LYNN, Police Officer, City of Lincoln, by his attorneys, Torricelli & Limentato, and for the Third Affirmative Defense to Plaintiffs' Complaint, states as follows:

No action taken by Defendant, KEVIN LYNN, violated any clearly established constitutional right possessed by Plaintiff at anytime, and the law would not have put Defendant KEVIN LYNN on notice that any action taken by him with respect to the Plaintiff during the events at issue would be clearly unlawful. Therefore Defendant, KEVIN LYNN, is entitled to qualified immunity from Plaintiffs' Claims.

WHEREFORE, Defendant, KEVIN LYNN, Police Officer, City of Lincoln, prays that Plaintiffs receive a Judgment of No Cause of Action against Defendant, KEVIN LYNN and that Defendant be awarded his costs and disbursements; that Defendant be awarded his reasonable attorney fees incurred in the defense of Plaintiffs' Claims; and this Court award such other and further relief in Defendant's favor as this Court may deem just and equitable.

Respectfully Submitted,

KEVIN LYNN Police Officer, City of Lincoln,
Defendant,

/s/ Nathaniel M. Schmitz
　Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and CHARLENE VINCENT, Plaintiffs, | ) ) ) ) |
| vs. | ) No. 10-cv-3131 ) |
| CITY OF LINCOLN, a Municipal Corporation, Lincoln, Illinois, [SHAWN] PETTIT, Police Officer, City of Lincoln, [KEITH] DeVORE, Police Officer, City of Lincoln, and KEVIN LYNN, Police Officer, City of Lincoln, Defendants. | ) ) ) ) ) ) ) ) ) |

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of ***Defendants, SHAWN PETTIT, KEITH DeVORE, and KEVIN LYNN: Answer and Affirmative Defenses to Complaint at Law*** was served upon each person named below, at the address set forth below, by electronically filing the same on the 13th day of August, 2010 to:

| | |
|---|---|
| Michael J. Costello<br>Costello Law Office<br>820 S. 2nd Street, 1st Floor<br>Springfield, IL 62704<br>Tel: 217-544-5500<br>Fax: 217-544-7500<br>costello.m@sbcglobal.net | Douglas A. Muck<br>Century Building, Suite 2<br>207 S. McLean Street<br>Lincoln, IL 62656<br>Tel: 217-732-4000<br>mucklawoffice@aol.com |

/s/ Nathaniel M. Schmitz_____
Nathaniel M. Schmitz

Prepared by:

Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com