UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and <br> CHARLENE VINCENT, <br>     Plaintiffs, <br> <br> vs. <br> <br> CITY OF LINCOLN, a Municipal <br> Corporation, Lincoln, Illinois, <br> [SHAWN] PETTIT, Police Officer, <br> City of Lincoln, [KEITH] DeVORE, <br> Police Officer, City of Lincoln, and <br> KEVIN LYNN, Police Officer, <br> City of Lincoln, <br>     Defendants. | No. 10-cv-3131 |

## DEFENDANT CITY OF LINCOLN: MOTION TO DISMISS COMPLAINT AT LAW

NOW COMES Defendant CITY OF LINCOLN, a Municipal Corporation, Lincoln, Illinois, by its attorneys, Torricelli & Limentato, and respectfully moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for entry of an order dismissing the Complaint filed by Plaintiffs, JEFFREY T. JONES and CHARLENE VINCENT for failure to state a claim. In support of this motion, Defendant states as follows:

### I. Background

Plaintiffs' action is brought pursuant to 42 U.S.C. § 1983 against four defendants: (a) three City of Lincoln Police Officers and (b) the City of Lincoln.

Plaintiffs' Complaint appears to present two claims: (a) that Plaintiff JEFFREY T. JONES was subject to an alleged assault and/ or battery as well as an alleged unlawful arrest; and (b) that Plaintiff CHARLENE VINCENT was subject to an alleged assault and/or battery.

Plaintiffs' Complaint alleges the aforementioned acts were carried out by individual members of the City of Lincoln Police Department.

Plaintiffs' Complaint alleges that the CITY OF LINCOLN is an Illinois Municipal Corporation.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint that fails to state a claim upon which relief can be granted. In considering a motion to dismiss, courts are required to construe a plaintiff's complaint in the light most favorable to the plaintiff, an accept as true the well-pleaded allegations a draw all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). A Motion to Dismiss pursuant to Rule 12(b) (6) tests the sufficiency of the complaint. *Ellis v. City of Chicago*, 2010 U.S. Dist. LEXIS 4704, at 4 (N.D.Ill. 2010). A sufficient complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 St. Ct. 1937, 1949, 2009 U.S. LEXIS 3472 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 US 544, 555, 127 S. Ct. 1955 (2007)).

## III. Plaintiffs' Complaint Fails to State a Claim Against the City of Lincoln

Claims of municipal liability under § 1983 are established by allegations that an individual's injury was caused by either:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the forces of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694, (1978).

A municipality can only be held liable under § 1983 if an official policy or custom was the proximate cause of the individual's constitutional violation of a citizen's rights. *Wemple v. Ill. State Police*, 2005 U.S. Dist. LEXIS 18189 (C.D. Ill. Aug. 8, 2005); *Coursey v. City of Peoria*, 2007 U.S. Dist. LEXIS 65831 (C.D. Ill. Sept. 6, 2007); *see also McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

In *Wemple*, a *pro se* plaintiff alleged he was brutalized by police officers during his arrest and brought a § 1983 action. *Wemple* at * 2. In response, the defendants filed a motion to dismiss for failure to state a claim upon which relief could be provided. The complaint's

allegations described plaintiff's own personal encounter with individual police officers but did not allege that his injuries resulted because the officers followed a custom or policy of the corresponding municipality or were caused at the direction of a person with final policymaking authority on behalf of the municipality. *Id*. at * 5-6. As a result, this Court held that the Plaintiff did not state a valid claim pursuant to 42 U.S.C. § 1983 and dismissed the complaint. *Id*.

In *Coursey*, a *pro se* plaintiff brought constitutional deprivation claims against the City of Peoria arising from alleged excessive force and false arrest actions by two Peoria Police Officers. *Coursey* at * 2. The City of Peoria filed a motion to dismiss the complaint based upon the plaintiff's failure to allege that the city implemented an unconstitutional policy or that there was a custom of such conduct. *Id*. In dismissing the claim against the City of Peoria, this Court held that while a plaintiff need not plead with particularity, a plaintiff "must make some general allegation of an express policy or widespread practice to survive a motion to dismiss." *Id*. at *5.

Similar to *Wemple*, the allegations set forth in Plaintiffs' complaint describe the personal encounter between individual members of the City of Lincoln Police Department and JEFFREY T. JONES and CHARLENE VINCENT. Plaintiffs' Complaint does not allege that their injuries resulted because City of Lincoln police officers followed a custom or policy of the City of Lincoln or were caused at the direction of a person with final policymaking authority on behalf of the City of Lincoln. Similar to *Coursey*, Plaintiffs fail to make a general allegation of either an express policy or widespread practice on behalf of the City of Lincoln that was the alleged source of the Plaintiffs alleged constitutional deprivation.

### III. Conclusion

The City of Lincoln requests that this Honorable Court dismiss Plaintiffs' Complaint for failure to plead sufficient facts to support a 42 U.S.C. § 1983 claim against the City of Lincoln for the reasons set forth herein.

WHEREFORE, Defendant, CITY OF LINCOLN, requests that this Honorable Court dismiss Plaintiffs' Complaint against the City of Lincoln; and this Honorable Court award such

other and further relief in Defendant's favor as this Honorable Court may deem just and equitable.

              Respectfully Submitted,

              CITY OF LINCOLN, Defendant,

              /s/ Nathaniel M. Schmitz
                Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and<br>CHARLENE VINCENT,<br>    Plaintiffs,<br><br>  vs.<br><br>CITY OF LINCOLN, a Municipal<br>Corporation, Lincoln, Illinois,<br>[SHAWN] PETTIT, Police Officer,<br>City of Lincoln, [KEITH] DeVORE,<br>Police Officer, City of Lincoln, and<br>KEVIN LYNN, Police Officer,<br>City of Lincoln,<br>    Defendants. | )<br>)<br>)<br>)<br>)    No. 10-cv-3131<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that a true and correct copy of ***DEFENDANT CITY OF LINCOLN: MOTION TO DISMISS COMPLAINT AT LAW*** was served upon each person named below, at the address set forth below, by electronically filing the same on the 13th day of August, 2010 to:

| | |
|---|---|
| Michael J. Costello<br>Costello Law Office<br>820 S. 2nd Street, 1st Floor<br>Springfield, IL 62704<br>Tel: 217-544-5500<br>Fax: 217-544-7500<br>costello.m@sbcglobal.net | Douglas A. Muck<br>Century Building, Suite 2<br>207 S. McLean Street<br>Lincoln, IL 62656<br>Tel: 217-732-4000<br>mucklawoffice@aol.com |

                                                /s/ Nathaniel M. Schmitz_____
                                                    Nathaniel M. Schmitz

Prepared by:

Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510 - Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com