IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and <br> CHARLENE VINCENT, <br> Plaintiff, <br><br> vs. <br><br> CITY OF LINCOLN, a Municipal Corporation <br> Lincoln, Illinois, SHAWN PETIT, Police Officer, <br> City of Lincoln, KEITH DeVORE, Police Officer, <br> City of Lincoln, and KEVIN LYNN, <br> Police Officer, City of Lincoln <br> Defendants. | No. 10-CV-3131 |

### DEFENDANTS SHAWN PETTIT, KEITH DeVORE AND KEVIN LYNN: MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, SHAWN PETIT, KEITH DeVORE, and KEVIN LYNN, by their attorneys, Torricelli & Limentato, P.C., and for their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 state as follows:

**A. INTRODUCTION**

On or about June 4, 2010, Plaintiffs JEFFREY T. JONES and CHARLENE VINCENT filed their Complaint pursuant to 42 U.S.C. § 1983 claiming, *inter alia*, that their constitutional rights under the United States Constitution were violated in Lincoln Illinois, Logan County on July 5, 2008 and August 16, 2009. In particular, Plaintiff JEFFREY T. JONES alleges that Defendants SHAWN PETIT, KEITH DeVORE, and KEVIN LYNN violated his constitutional rights when he was allegedly subjected to personal injuries and unlawful arrest on July 5, 2008 and August 16, 2009. In addition, Plaintiff CHARLENE VINCENT claims Defendants SHAWN PETIT, KEITH DeVORE, and KEVIN LYNN violated her constitutional rights when she was allegedly subjected to personal injuries on July 5, 2008.

1

Defendants SHAWN PETIT, KEITH DeVORE, and KEVIN LYNN move for summary judgment on the grounds of Plaintiffs' failure to demonstrate violations of their constitutional rights, collateral estoppel, and qualified immunity.

**B. UNDISPUTED MATERIAL FACTS**

1. That at all relevant times, Defendant SHAWN PETIT (hereinafter "Mr. Pettit") was employed by the City of Lincoln as a police officer.

2. That at all relevant times on July 5, 2008, Mr. Pettit was off duty as a City of Lincoln police officer.

3. That at all relevant times on August 16, 2009, Mr. Pettit was on duty and was acting within the scope of his employment under color of state law.

4. That at all relevant times, Defendant KEITH DeVORE (hereinafter "Mr. DeVore") was employed by the City of Lincoln as a police officer, acting within the scope of his employment under color of state law.

5. That at all relevant times, Defendant KEVIN LYNN (hereinafter "Mr. Lynn") was employed by the City of Lincoln as a police officer, acting within the scope of his employment under color of state law.

6. That on July 5, 2008, Mr. Lynn responded to a report of an aggravated battery by Plaintiff, JEFFREY T. JONES (hereinafter "Mr. Jones") of Mr. Pettit.

7. That on July 5, 2008, Mr. Jones was arrested by Mr. Lynn and Mr. DeVore in connection with an altercation involving Mr. Pettit, Mr. Jones as well as Plaintiff, CHARLENE VINCENT (hereinafter "Ms. Vincent") that occurred in the City of Lincoln, Illinois on July 5, 2008.

8. That on July 5, 2008, Mr. Lynn contacted the Illinois State Police to request an independent investigation into the incident between Mr. Jones and Mr. Pettit as it involved an off duty officer of the City of Lincoln Police Department.

9. That the Illinois State Police conducted an independent investigation into the altercation involving Mr. Jones, Ms. Vincent, and Mr. Pettit.

10. That the Illinois State Police determined that no legal action (criminal or administrative) be taken with respect to Mr. Pettit or any other City of Lincoln police officer in connection with the events of July 5, 2008.

11. That on August 16, 2009, Mr. Jones was arrested in connection with a violation of an order of protection, destruction of government property, and unlawful possession of a firearm by police officers of the City of Lincoln, including Mr. DeVore.

12. That on August 19, 2009, criminal charges were filed against Mr. Jones by the Logan County State's Attorney in *People v. Jeffrey T. Jones*, in the Circuit Court of the Eleventh Judicial Circuit, Logan County, State of Illinois, No. 2009-CF-143. (*See* Information for Criminal Charges – Counts 1-2 ; attached hereto as Exhibit #1)

13. That the criminal charges filed in connection with case No. 2009-CF-143 included a count for a Class 2 felony of possession of a firearm. (*See* Information for Criminal Charges – Count 1; Exhibit #1)

14. That the criminal charges filed in connection with case No. 2009-CF-143 included a count for a Class 4 felony of criminal damage to government property. (*See* Information for Criminal Charges – Count 2; Exhibit #1)

15. That on November 10, 2011, Mr. Jones, represented at all relevant times by counsel, requested and agreed to a plea agreement, in which Mr. Jones agreed to plead guilty to the count for a Class 4 felony of criminal damage to government property.

16. That as part of said plea agreement in Paragraph 15, the count for a Class 2 felony of possession of a firearm was dismissed. (*See* Logan County, Illinois, Case Information from www.judici.com, attached hereto as Exhibit #2)

17. That Mr. Jones did not appeal his conviction of a Class 4 felony of criminal damage to government property. (Exhibit #2)

18. That a portion of the series of events giving rise to case *People v. Jeffrey T. Jones*, in the Circuit Court of the Eleventh Judicial Circuit, Logan County, State of Illinois, No. 2009-CF-143 are the same portion of the series of events giving rise to Mr. Jones' suit.

C. **ARGUMENT**

   I. **SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See also *Wells v. Bureau County*, 2010 U.S. Dist. LEXIS 66213, 2010 WL 2670892 at *5 (C.D. Ill. July 2, 2010). The moving party is responsible of informing the Court of portions of the record and/ or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id*. at 325. Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for

trial. *Id*. at 324. A summary judgment motion is not defeated by inferences supported solely by conjecture or speculation. *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

## II. COLOR OF STATE LAW AND SHAWN PETTIT

In a civil rights action against an off duty police officer the plaintiff must establish more than that the defendant is a police officer. "Under color of state law" means the pretense of state law and does not include officers involved in a purely private or personal dispute. Although it is technically true that a police officer carries a shield 24 hours a day and is technically a police officer for 24 hours a day, when a police officer acts in a manner that is personal and not while performing any actual or pretended duty, the police officer is not within the purview of Section 1983. In the Seventh Circuit, "[w]hether a particular action was under color of state law depends 'largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties.'" *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515-16 (7th Cir. 2007). (quoting *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995)). In addition, a plaintiff's assertion that a defendant is employed as a police officer does not necessarily mean that the defendant always acts under color of state law. *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990). As a result, the key question to consider to determine whether a police officer was acting under color of state law at the time of the incident in question was the nature of the specific acts performed. See *Pickrel*, 45 F.3d at 1118-19. Mr. Jones and Ms. Vincent alleged in their Complaint that Mr. Pettit was acting under color of state law on July 5, 2008. (Doc 1 Paragraph 4). All Defendants denied that Mr. Pettit was acting under color of state law on July 5, 2008. (Doc 9 Paragraph 4).

With respect to the July 5, 2008, altercation between Mr. Pettit, Mr. Jones and Ms. Vincent, the evidence clearly demonstrates that Mr. Pettit was not acting under color of state law.

At most, the evidence in this matter demonstrates an altercation between private citizens occurred.

Mr. Jones admitted in his deposition that he had no idea who Mr. Pettit was on July 5, 2008. (Jones Dep. p. 19, Lines 1-18; p. 20, Lines 1-14; attached hereto as Exhibit 3). Mr. Jones only discovered that Mr. Pettit was an off duty police officer after the incident. (Exhibit 3. p. 21, Lines 13-16). Similar to Mr. Jones, Ms. Vincent testified in her deposition that she did not know Mr. Pettit was police officer until after the July 5, 2008 incident. (Vincent Dep. p. 31, Lines 2-7; p. 62, Lines 22-24; p. 44, Lines 1-15; p. 63, Lines 1-5; attached hereto as Exhibit 4). Neither Mr. Jones or Ms. Vincent provided any testimony or have produced any indicia of evidence to even allege that Mr. Pettit held himself out as a police officer during the encounter on July 5, 2008.

In addition to the testimony of Mr. Jones and Ms. Vincent, other party and witness deposition testimony in this matter overwhelmingly demonstrates that Mr. Pettit was not acting under color of state law on July 5, 2008. Mr. Pettit testified that after he got off duty at 11:00 p.m. on July 4, 2008, he went home, changed into civilian clothes, and returned to downtown Lincoln to meet up and socialize with friends. (Pettit Dep. p. 8, Lines 8-17; attached hereto as Exhibit 5). Witness Jason Lucas testified that Mr. Pettit was off duty on July 5, 2008. (Lucas Dep. p. 23, Lines 19-24; attached hereto as Exhibit 6). None of the other occurrence witnesses deposed by counsel in this matter (Grant Bradley, Jeffrey Walsh, or Kenneth Skirven) testified that Mr. Pettit was on duty on July 5, 2008, or that they observed Mr. Pettit engage in any type of conduct to indicate he was acting under color of state law while interacting with Mr. Jones or Ms. Vincent. (Depositions of Mr. Bradley, Mr. Walsh and Mr. Skirven; attached hereto as Exhibits 7, 8, and 9, respectively).

Overall, the testimony of Mr. Jones, Ms. Vincent, and Mr. Pettit demonstrates that an altercation occurred between private individuals. This is also supported by the testimony of occurrence witnesses Mr. Lucas, Mr. Bradley, Mr. Walsh and Mr. Skirven.

The testimony concurs that all the aforementioned individuals were inside a bar called Alley-Bi in Lincoln, Illinois on the late evening hours of July 4 and 5, 2008. At approximately 2:00 a.m., the Alley-Bi bar closed and all patrons exited the bar. Mr. Pettit was with Mr. Bradley, Mr. Walsh and Mr. Skirven. While outside the bar, Mr. Pettit called out his address to Mr. Bradley, Mr. Walsh and Mr. Skirven to invite them over to his home. Mr. Jones and Ms. Vincent were also outside nearby and heard Mr. Pettit call out his address. Mr. Jones called out that he and Ms. Vincent would also appear at Mr. Pettit's home. Mr. Pettit next informed Mr. Jones that he did not direct the invitation to Mr. Jones and Ms. Vincent and explicitly informed them they were not invited to his home. (Exhibits: 5 pp. 16-17; 6 pp. 41-42; 7 pp. 24-27; 8 p. 14; and 9 pp. 17-22 and pp. 27-28).

While the various details as to what occurred subsequently vary among the parties and witnesses, a general narrative is consistent. Mr. Jones and Mr. Pettit engaged in verbal banter with respect to whether or not Mr. Jones and Ms. Vincent were welcome in Mr. Pettit's home. At that point, Mr. Lucas, who was nearby, inserted himself between Mr. Jones and Mr. Pettit in an attempt to prevent any escalation of the discussion between Mr. Jones and Mr. Pettit. (Exhibits: 3 p. 19; 4 pp. 23-26; 5 pp. 18-20; 6 pp. 20-21; 8 p. 26; and 9 pp. 22-23). Mr. Lucas specifically requested that Mr. Jones and Ms. Vincent not attempt to go to Mr. Pettit's home. (Exhibit 6 p. 46). Mr. Jones claims Mr. Pettit had physical contact with him in the form of a chest bump or poking his finger at his chest. Mr. Pettit denies having touched or having physical contact with Mr. Jones. (Exhibits: 3 p. 25; 5 p. 20). Ms. Vincent claims Mr. Pettit rushed up to her and physically twisted her hand backwards as well as twisting her face and neck. (Exhibit 4

p. 58, Lines 5-22). Mr. Pettit and the witnesses disagree and instead claim Ms. Vincent approached Mr. Pettit and attempted to either scratch Mr. Pettit in the face or otherwise strike him, causing Mr. Pettit to put his hands up in a defensive posture to avoid contact. (Exhibits: 5 pp. 22 and 30; 8 pp. 43-45; and 9 pp. 48-50). At this point, Mr. Jones came to believe that Mr. Pettit had 'hit" Ms. Vincent. In response, he shoved Mr. Lucas out of his way and proceeded to strike Mr. Pettit in the face with a closed fist. (Exhibits: 3 p. 20 and 24; 5 p. 29; 6 pp. 19-21 and pp. 50-51; 7 pp. 18-19; 8 pp. 22-26; and 9 pp. 31-36). Mr. Jones and Ms. Vincent then left the scene while Mr. Pettit called the City of Lincoln police Department to report a battery.

This case has similarities as another case from this Court involving off duty police officers. *McCloughan v. City of Springfield*, 172 F. Supp. 2d 1009, (C.D. Ill. 2001). In *McCloughan* a physical altercation took place between a plaintiff and on off duty defendant police officer. *Id*. at 1011. On a motion for summary judgment, the defendant police officer claimed he was not acting under color of state law and in support thereof introduced evidence that he did not verbally identify himself as a police officer, was not in uniform, and did not display a badge, service revolver, or handcuffs. *Id*. at 1015-1016. In addition, the defendant was not on-duty and did not inform the plaintiff he was ever under arrest. This Court found that these factors weighed "in favor of a finding that he was acting as a private citizen and not under color of state law." *Id*. Nevertheless, this court determined that the plaintiff had introduced sufficient evidence that the defendant was acting pursuant to his duties as a police officer. In particular, this Court noted the introduction of evidence that the defendant had intervened in an altercation in which the plaintiff was involved and identified himself as a police officer in an attempt to prevent the plaintiff from leaving the scene. At that point a second physical altercation took place between plaintiff and defendant. As a result, this Court held the issue regarding color of state law was a question for the jury and denied summary judgment. *Id*.

Comparing the facts in this case with the facts in *McCloughan*, this Court may grant summary judgment in favor of Mr. Pettit. Similar to the defendant in *McCloughan*, Pettit never identified himself as a police officer to Mr. Jones or Ms. Vincent, was not in uniform, and did not display a badge, service revolver, or handcuffs. Furthermore, and in contrast to the plaintiff in *McCloughan*, there is no testimony or other evidence in this matter that Mr. Pettit engaged in any type of activity that would indicate he was acting under color of state law. Again, both Mr. Jones and Ms. Vincent testified that they were not aware Mr. Pettit was a police officer until after the incident of July 5, 2008. Although the facts surrounding the incident are disputed, at most, there was an altercation between private individuals on July 5, 2008. Therefore, Plaintiffs' allegations fail to state a viable § 1983 cause of action against Mr. Pettit because he was not acting under color of state law on July 5, 2008.

### III.  THE ARREST OF MR. JONES ON JULY 5, 2008

This Court recognizes that even in instances where no physical force takes place, "circumstances might exist in which harassing and abusive behavior by a police officer could rise to the level that makes a seizure 'unreasonable' for Fourth Amendment purposes." *Munyon v. Henson*, 2010 U.S. Dist. LEXIS 8697 at *14 (C.D. Ill. Feb. 2, 2010). Nevertheless, this Court in *Munyon* held that while unprofessional conduct by police officers, including verbal harassment, threats, yelling, ridicule, derogatory statements, may be reprehensible if true, said conduct does not rise to a constitutional violation. *Munyon* at *15-16.

Subsequent to the altercation with Mr. Pettit, Mr. Jones and Ms. Vincent left the scene and eventually returned to o hotel in Lincoln Illinois where Mr. Jones was residing. While still in the parking lot, Mr. Lynn and Mr. DeVore, (both on duty as Lincoln police officers) arrived at the hotel to effectuate an arrest on Mr. Jones for aggravated battery of Mr. Pettit. Mr. Jones testified in his deposition that Mr. Lynn made a comment to the effect of ''"we are going to show

9

you what happens when you fuck with one of ours." (Exhibit 3 p. 29, Lines 2-13). Apart from this alleged threat by Mr. Lynn, Mr. Jones testified that the arrest by Mr. Lynn and Mr. DeVore was completely professional. (Exhibit 3 p. 38, Lines 20-24 and p. 39, Lines 1-18). Similar to Mr. Jones, Ms. Vincent only "claim" of a personal injury by Mr. Lynn and Mr. DeVore was for the way Mr. Lynn spoke to her at the scene of Mr. Jones' arrest. (Exhibit 4 pp. 41-44). Similar to the conduct described in *Munyon*, the conduct alleged by Mr. Jones and Ms. Vincent in their depositions concerning Defendants Mr. DeVore and Mr. Lynn and their arrest of Mr. Jones on July 5, 2008, do not rise to a constitutional violation.

## IV. COLLATERAL ESTOPPEL

Defendants aver that Mr. Jones' conviction in the underlying state court criminal proceedings in case No. 2009-CF-143 mandates a dismissal of his § 1983 and claims in connection with the events of August 16, 2009, under Illinois collateral estoppel doctrine.

Under Illinois' preclusion law, a party is prevented from relitigating an issue decided in a prior proceeding, thereby barring a plaintiff's § 1983 claim. To determine whether a plaintiff's § 1983 claim is barred by his conviction in Illinois state court; one must look at Illinois' rules of collateral estoppel. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1020 (7th Cir. 2006). To successfully invoke collateral estoppel in Illinois, a defendant must demonstrate that: (1) the issue decided in the prior adjudication is identical to the issue presented in the current case; (2) the prior adjudication resulted in a final decision on the merits; and (3) the plaintiff was a party or is in privity with a party in the prior adjudication. *Dunlap v. Nestle USA, Inc.*, 431 F.3d 1015, 1018 (7th Cir. 2005) (citing *Herzog v. Lexington Township*, 167 Ill. 2d 288, 657 N.E.2d 926, 929-30, 212 Ill. Dec. 581 (Ill. 1995)). In addition, a criminal conviction in Illinois precludes relitigation of issues decided in said criminal proceedings. *Am. Family Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 739 N.E.2d 445, 450-51, 250 Ill. Dec. 682 (Ill. 2000).

A state court conviction against a plaintiff is grounds for invoking collateral estoppel and dismissing a plaintiff's § 1983 claim. *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). In *Brown*, the plaintiff brought a § 1983 against a defendant police officer alleging excessive force, claiming the defendant police officer shot him in the back. *Id*. at 773. The defendant police officer filed for summary judgment claiming the plaintiff's claims were barred by collateral estoppel. *Id*. at 774. The underlying events that gave rise to the conviction and § 1983 claim were identical. The differences between the parties' versions of the events centered on whether or not the plaintiff threatened the defendant police officer with a gun. *Id*. The plaintiff claimed he never possessed or pointed a gun at the defendant police officer, while the opposite was argued by the defendant police officer. *Id*. The jury rejected plaintiff's version of events and convicted him of multiple counts in connection with plaintiff's encounter with the defendant police officer, including a count for felony aggravated assault. *Id*.

The Seventh Circuit Court of Appeals reviewed the Northern District Court of Illinois' finding of summary judgment in favor of the defendant police officer. In holding that the plaintiff's excessive force claim was precluded by collateral estoppel, the Seventh Circuit held plaintiff's state court conviction for aggravated assault necessarily determined that plaintiff possessed and pointed a weapon at the defendant police officer. As a result, the Seventh Circuit held plaintiff's excessive force claim was barred by collateral estoppel. *Id*. at 777.

Mr. Jones alleges in his complaint that "Lincoln Police Officers incorrectly presumed and falsely arrested" him on August 16, 2009." (Doc. 1 at p. 7 ¶ 48). During his deposition, Mr. Jones further claimed Mr. DeVore "dinged" his head off the trunk of City of Lincoln police car and then charged him with "criminal damage to a government vehicle." (Exhibit 3. p. 63, Lines 20-23; p. 64, Lines 1-7). Mr. Jones subsequently pled guilty to the criminal charges lodged against him for damage to the City of Lincoln Police vehicle. (Exhibit #2)

In effect, Mr. Jones, by means of his § 1983 lawsuit, is attempting to relitigate the findings made by the Logan County Circuit Court after a full and fair hearing. There is no question Mr. Jones was a party to the prior litigation, that the issues decided were identical to the issues in this matter, and that the conviction resulted in a final decision on the merits. Mr. DeVore has met the requirements of *Sornberger* and *Brown*. Furthermore, Mr. Jones cannot allege an exception to the Illinois collateral estoppel doctrine based on a denial of a full and fair opportunity to litigate the question of excessive force in his criminal trial. Mr. Jones, represented at all relevant times by counsel, plead guilty to the count for a Class 4 felony of criminal damage to government property. As a result, Mr. Jones should be collaterally estopped from litigating the same issues in this matter, and this Court should grant Mr. DeVore summary judgment in connection with Mr. Jones' allegations concerning his arrest on August 16, 2009, and conviction on November 10, 2011.

V. **SUMMARY JUDGMENT UNDER *HECK***

Under the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 487-489 (1994), Mr. Jones cannot seek damages under a § 1983 claim as it would necessarily challenge the validity of Mr. Jones' criminal conviction. Under *Heck*, this Court must consider whether the § 1983 suit implies the invalidity of Mr. Jones' conviction. *Heck* at 487. If this question is answered in the affirmative, Mr. Jones does not have a cause of action and the § 1983 suit must be dismissed. *Id*. at 487-9. Mr. Jones alleges Mr. DeVore "dinged" his head of the trunk of a City of Lincoln Police car on August 16, 2009. However, said allegation necessarily challenges the validity of the conviction against Mr. Jones for criminal damage to government property. Again, Mr. Jones testified in his deposition that his head was "dinged" but he was charged and convicted by way of a guilty plea to the criminal damage to government property. The facts decided in Mr. Jones' state court case bar him from maintaining this portion of his § 1983 suit

against Mr. DeVore in connection with the events of August 16, 2009, under the *Heck* doctrine. The allegations in Mr. Jones' complaint and deposition testimony clearly conflict with the state court judgment based on Mr. Jones' guilty plea. Mr. Jones thus calls into question the validity of his criminal conviction. As a result, the *Heck* doctrine is triggered and Mr. Jones' suit against Mr. DeVore in connection with the events of August 16, 2009 is barred.

## VI. QUALIFIED IMMUNITY

Individual government employees are entitled to qualified immunity to shield themselves from the burdens of litigation and liability unless the government employee's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The doctrine of qualified immunity applies regardless of whether the government employee's error is based on a mistake of law, fact, or mixed questions of law and fact. *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

The government employee's right to qualified immunity turns on two questions answered in any order: 1) whether the facts presented, taken in the light most favorable to the Plaintiff, describe a violation of a constitutional right, and 2), whether the federal right at issue was clearly established at the time that the alleged violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818-22, 172 L. Ed. 2d 565 (2009).

Under the first question in a qualified immunity analysis, the facts alleged by Mr. Jones and Ms. Vincent cannot establish a violation of a constitutional right by any of the Defendants. As set forth in Section II above, Mr. Pettit was not acting under the color of state law on July 5, 2008, with respect to the encounter with Mr. Jones and Ms. Vincent. As a result, Mr. Pettit is entitled to qualified immunity. Similar to Mr. Pettit, Mr. Lynn's alleged actions on July 5, 2008, cannot be construed as a violation of a constitutional right. The only allegations set forth against

13

Mr. Lynn by Mr. Jones or Ms. Vincent is that he was impolite to them. There is no evidence that Mr. Lynn had any physical contact with either Plaintiff on July 5, 2008.

## VII. CONCLUSION

For the foregoing reasons, Defendants, SHAWN PETIT, KEITH DeVORE, and KEVIN LYNN respectfully request this Honorable Court grant summary judgment in their favor and against Plaintiff.

                                                Respectfully submitted,

                                                SHAWN PETIT, KEITH DeVORE, and
                                                KEVIN LYNN, Defendants

                                                By: TORRICELLI & LIMENTATO, P.C.

                                                By: __/s/ Nathaniel M. Schmitz_____
                                                        Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and<br>CHARLENE VINCENT,<br>    Plaintiff,<br><br>    vs.<br><br>CITY OF LINCOLN, a Municipal Corporation<br>Lincoln, Illinois, SHAWN PETIT, Police Officer,<br>City of Lincoln, KEITH DeVORE, Police Officer,<br>City of Lincoln, and KEVIN LYNN,<br>Police Officer, City<br>    Defendants. | )<br>)<br>)<br>)<br>)  No. 10-CV-3131<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

TO:  Michael J. Costello               Douglas A. Muck
     Costello Law Office               Century Building, Suite 2
     820 S. 2nd Street, 1st Floor      207 S. McLean Street
     Springfield, IL 62704             Lincoln, IL 62656

The undersigned does hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS SHAWN PETIT, KEITH DeVORE, and KEVIN LYNN: MOTION FOR SUMMARY JUDGMENT** was served upon the person(s) named herein, at the address(es) set forth herein, via electronic mail and / or by enclosing the same in an envelope(s), properly addressed, with postage fully prepaid, and by depositing said envelope(s) in a U. S. Mail Box in Champaign, Illinois on the 31st day of August, 2012.

                                    By: __/s/ Nathaniel M. Schmitz____
                                           Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #:  6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone:  (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com