IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFREY T. JONES and CHARLENE VINCENT, <br><br> Plaintiffs, <br><br> v. <br><br> SHAWN PETIT, Police Officer, City of Lincoln; KEITH DeVORE, Police Officer, City of Lincoln; and KEVIN LYNN, Police Officer, City of Lincoln, <br><br> Defendants. | No.  10-3131 |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiffs' Motion to Vacate Judgment in a Civil Action Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(1) and (6) (d/e 30).  Because the Court finds, in an exercise of its discretion, that Plaintiffs' counsel has demonstrated excusable neglect, the Motion is GRANTED. However, Plaintiffs' counsel of record is personally responsible for payment of Defendants' attorney's fees and costs reasonably incurred in responding to Plaintiffs' Motion to Vacate.

I. BACKGROUND

This case was filed in June 2010. In October 2010, United States Magistrate Judge Byron G. Cudmore entered a scheduling order setting certain deadlines, including a deadline to file dispositive motions by December 31, 2011. See d/e 13. In January 2012, Judge Cudmore granted a motion to extend deadlines and extended the dispositive motion deadline to June 1, 2012. See Text Order of January 18, 2012. In June 2012, Judge Cudmore granted a motion to extend deadlines and extended the dispositive motion deadline to August 31, 2012. See Text Order of January 25, 2012.

On August 31, 2012, Defendants filed a Motion for Summary Judgment. See d/e 27. Plaintiffs' response was due September 24, 2012. On October 2, 2012, this Court entered a text order requesting that Defendants provide the Court with a courtesy copy of the Motion for Summary Judgment as required by the Local Rules. The Court also noted that the deadline for Plaintiffs to respond to the Motion for Summary Judgment had passed.

On October 16, 2012, this Court entered a Text Order noting that Plaintiffs had still not responded to the Motion for Summary Judgment. Therefore, the Court assumed Plaintiffs had no

objection and granted the Motion for Summary Judgment. On October 24, 2012, Judgment was entered in favor of Defendants and against Plaintiffs. See d/e 28.

On December 28, 2012, Plaintiffs filed their Motion to Vacate Judgment in a Civil Case Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(1) and (6) (d/e 30). In the Motion to Vacate, Plaintiffs assert that counsel never received the Motion for Summary Judgment, the Judgment granting summary judgment in favor of Defendants, the October 2, 2012 Text Order, or the October 16, 2012 Text Order.

According to the Motion, Plaintiffs' counsel discovered the judgment on November 30, 2012, when one of the Plaintiffs met with counsel to prepare for trial. That Plaintiff told counsel that co-counsel had sent Plaintiff a letter that week advising that summary judgment had been entered against Plaintiffs. Co-counsel, Douglas Muck of Lincoln, Illinois, is not registered with the district court to receive emails in the case but the Certificate of Service on the Motion for Summary Judgment reflects that service was made on both counsel and co-counsel.

The Motion to Vacate further provides that Plaintiffs' counsel immediately examined the civil docket and verified that the Motion for Summary Judgment had been granted. Counsel's secretary contacted counsel's server, AT&T, in an attempt to document the emails received but was advised that the server no longer provided that service.

Plaintiffs' counsel has implemented remedial procedures to insure that emails are received properly. The email system has been set up so that all emails go directed to counsel's computer and not the server. In addition, a new email account has been created which will prevent email from being lost or hacked.

In support of the Motion, Plaintiffs attach three exhibits. Exhibit A is a log of counsel's email accounts for this case, which shows that no e-filing was received pertaining to the Motion for Summary Judgment or the October 24, 2012 Text Order. Exhibit B is the Affidavit of Plaintiffs' former secretary which states that, to her knowledge, the e-mails for the Motion for Summary Judgment and the Text Order of October 24, 2012 were not received. The former secretary also asserts that the last e-mail received regarding this case was in July 2012. Finally, Exhibit C is the Affidavit of

counsel of record in the case indicating that the August 31, 2012 filing of the Motion for Summary Judgment and the October 24, 2012 Text Order granting the motion were not received by him.

On January 14, 2013, Defendants filed a response in opposition to the Motion to Vacate (d/e 31). Defendants argue that the alleged failure to receive e-filings does not constitute excusable neglect. According to Defendants, Plaintiffs' counsel was aware that the deadline for filing dispositive motions was August 31, 2012, and counsel had a duty to monitor the docket in the case. However, counsel did not even attempt to access the docket sheet until November 30, 2012. Defendants further note that Plaintiffs' counsel fails to explain why co-counsel was aware of the motion for summary judgment and the order granting summary judgment.

On January 23, 2012, this Court entered a Text Order noting that the Court contacted Jason Planck, the United States District Court, Central District Illinois Database Administrator, and Marleen Cooke, the Data Quality Analyst to ensure that Notice of Electronic Filings (NEFS) were being delivered to counsel. Planck and Cooke prepared an Affidavit, which was filed. See d/e 32.

The Affidavit provides, in part, that a search of the database revealed the Motion for Summary Judgment (d/e 27) and nine exhibits were e-filed delivered in August 31, 2012. Exhibits 1 through 6 were viewed by the email address associated with Plaintiffs' counsel on September 4, 2012. The Motion for Summary Judgment was viewed on October 2, 2012.

The parties were granted additional time to file supplemental briefs in light of the information contained in the Affidavits. On February 4, 2013, Plaintiffs filed a supplemental response stating that they do not contend that the clerk's office did not fulfill its duties but only that the documents were not actually received in the office.

## II. ANALYSIS

Plaintiffs request that the judgment be vacated pursuant to either Rule 60(b)(1) or Rule 60(b)(6):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> * * *

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Relief under this Rule is an extraordinary remedy, granted only in exceptional circumstances.  <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 327 (7th Cir. 2000).  Whether to grant or deny a motion to vacate under Rule 60(b) is within this Court's discretion.  See <u>Easley v. Kirmsee</u>, 382 F.3d 693, 697 (2004).

As the United States Supreme Court noted in <u>Pioneer Investment Serv. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 394 (1993), "excusable neglect" under Rule 60(b) encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence."  The determination of what constitutes excusable neglect is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 395 (involving Bankruptcy Rule 9006(b)(1) but also discussing Rule 60(b)); see also Robb v. Norfolk & Western Ry. Co., 122 F.3d 354, 359 (7th Cir. 1997) (noting that after Pioneer, district courts had discretion to find that attorney negligence constitutes excusable neglect). Excusable neglect can include attorney carelessness and mistake. Robb, 122 F.3d at 359 (citing cases); but see Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (distinguishing carelessness, which can constitute excusable neglect, with attorney inattentiveness, which is not excusable).

Counsel has a duty to monitor his case by regularly checking the court's docket. See Martinez v. City of Chicago, 499 F.3d 721, 728 (7th Cir. 2007). Clearly, counsel should have examined the docket after August 31, 2012 to confirm whether Defendants filed a dispositive motion. Moreover, as reflected by the Affidavit of Planck and Cooke, someone at counsel's office viewed six of the exhibits to the Motion for Summary Judgment on September 4, 2012 and viewed the Motion for Summary Judgment on October 2, 2012. See, e.g., Gibson v. Perry, 2005 WL 4889216, at *2 (S.D. Ind. 2005)

(holding that "failure to receive electronic service is no excuse for an untimely response to a filing").

Nonetheless, in light of all of the circumstances, and in an exercise of discretion, the Motion to Vacate is granted. Counsel obviously had a problem with his computer system and/or staff. Counsel moved quickly to vacate the judgment and has taken steps to avoid the problem in the future. The Court also finds that Plaintiffs' counsel has acted in good faith. Based on the facts of this case, counsel's failure to respond to the Motion for Summary Judgment is characterized as carelessness and constitutes excusable neglect for purposes of Rule 60(b)(1).

However, as a consequence for Plaintiffs' counsel's actions, Defendants are awarded their attorney's fees and costs reasonably incurred in responding to the Motion to Vacate. See Fed.R.Civ.P. 60(b) (providing the court may relieve a party of a final judgment on "just terms"); In re UAL Corp., 299 B.R. 509, 523 (Bankr. N.D. Ill. 2003) (awarding attorney's fees and costs reasonably incurred in pursuing litigation involved in the Rule 60(b)(1) motion), aff'd, In re UAL Corp., 411 F.3d 818 (7th Cir. 2005).

III. CONCLUSION

For the reasons stated, Plaintiffs' Motion to Vacate Judgment in a Civil Action Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(1)and (6) (d/e 30) is GRANTED. The Judgment entered October 24, 2012 is VACATED, and Defendants' Motion for Summary Judgment (d/e 27) is reinstated. Plaintiffs shall file a response to the Motion for Summary Judgment on or before February 20, 2013.

In addition, Plaintiffs' counsel shall be personally responsible for Defendants' attorney's fees and costs reasonably incurred in responding to the Motion to Vacate. Defense counsel shall submit an itemized billing of those attorney's fees and costs on or before February 13, 2013.

ENTER: February 6, 2013

FOR THE COURT:

    s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE