IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFREY T. JONES and )
CHARLENE VINCENT, )
    Plaintiff, )
)
vs. )   No. 10-CV-3131
)
SHAWN PETTIT, Police Officer, )
City of Lincoln, KEITH DeVORE, Police Officer, )
City of Lincoln, and KEVIN LYNN, )
Police Officer, City of Lincoln )
    Defendants. )

### DEFENDANTS' MOTION *IN LIMINE* #3 SEEKING TO BAR EVIDENCE OF CITIZEN COMPLAINTS INVOLVING DEFENDANTS

NOW COME the Defendants, SHAWN PETTIT, KEITH DeVORE, and KEVIN LYNN, by and through attorneys, TORRICELLI & LIMENTATO, P.C., and move this Honorable Court for an order *in limine* precluding any evidence, testimony, argument, reference, comment, or innuendo regarding Citizen Complaints involving Defendants. In support of their motion, the Defendants state as follows:

1.     Plaintiffs allege a Section 1983 claim for excessive force and unlawful arrest arising out of an incident on July 5, 2008, as well as an incident on August 16, 2009.

2.     Defendants anticipate that Plaintiffs may seek to offer evidence of other, unrelated Citizen Complaints involving Defendants.

3.     This evidence is not relevant to any issue in this case and, therefore, is inadmissible pursuant to Federal Rules of Evidence 401 and 402. Alternatively, to the extent relevant, the evidence should be excluded because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading

1

the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

4. Evidence concerning any Citizen Complaints against Defendants and the unproven allegations therein are irrelevant to the issue in the case at bar – whether Plaintiffs were subjected to excessive force and/or unlawful arrest by the Defendants. Therefore, such evidence is inadmissible pursuant to Federal Rules of Evidence 401 and 402.

5. Additionally, allegations in other Citizen Complaints will only serve to confuse the issues, mislead the jury, and unfairly prejudice Defendants. To allow proof of other Citizen Complaints against Defendants will serve no legitimate purpose. Thus, it should not be admitted pursuant to Federal Rule of Evidence 403.

6. Moreover, evidence of prior bad acts "is not admissible to prove the character of the person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Thus, Plaintiff cannot present evidence of allegations or findings made in other, unrelated Citizen Complaints to show that a Defendant committed the acts alleged in the instant Complaint. *See Soller v. Moore*, 84 F.3d 964, 967-68 (7th Cir. 1996). Accordingly, this Court should also bar Plaintiffs from presenting evidence of unrelated Citizen Complaints pursuant to Federal Rule of Evidence 404.

WHEREFORE, Defendants, SHAWN PETTIT, KEITH DeVORE, and KEVIN LYNN, respectfully request that this Honorable Court bar Plaintiff from presenting any evidence, testimony or questions in *voir dire* or at trial, or any time before the jury as to the existence Citizen Complaints involving Defendants or references to the same.

Respectfully submitted,

SHAWN PETTIT, KEITH DeVORE, and KEVIN LYNN, Defendants

By: TORRICELLI & LIMENTATO, P.C.


By: /s/ Nathaniel M. Schmitz
    Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com