IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY T. JONES and<br>CHARLENE VINCENT,<br>    Plaintiff,<br><br>vs.<br><br>SHAWN PETIT, Police Officer, City of Lincoln<br>and<br>KEVIN LYNN, Police Officer, City of Lincoln<br>    Defendants. | No. 10-CV-3131    Denied - [signature] 1/23/14 |

## DEFENDANTS SHAWN PETTIT AND KEVIN LYNN: MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME Defendants, SHAWN PETIT and KEVIN LYNN, by their attorneys, Torricelli & Limentato, P.C., and for their Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a) state as follows:

### A. INTRODUCTION

On or about June 4, 2010, Plaintiffs JEFFREY T. JONES and CHARLENE VINCENT filed their Complaint pursuant to 42 U.S.C. § 1983 claiming, *inter alia*, that their constitutional rights under the United States Constitution were violated in Lincoln Illinois, Logan County on July 5, 2008. In particular, Plaintiff JEFFREY T. JONES alleges that Defendants SHAWN PETIT and KEVIN LYNN violated his constitutional rights when he was allegedly subjected to personal injuries and unlawful arrest on July 5, 2008. In addition, Plaintiff CHARLENE VINCENT claims Defendant SHAWN PETIT violated her constitutional rights when she was allegedly subjected to personal injuries on July 5, 2008.

Defendants SHAWN PETIT and KEVIN LYNN move for judgment as a matter of law on the grounds of Plaintiffs' failure to demonstrate violations of their constitutional rights and qualified immunity.

1

## B. ARGUMENT

### I. MOTION FOR A JUDGMENT AS A MATTER OF LAW STANDARD

Under Rule 50(a)(2), a motion for a judgment as a matter of law may be made before the case is submitted to the jury. Furthermore, the motion for judgment as a matter of law must specify the judgment sought and the law and facts that entitle the movant to the judgment. Fed. R. Civ. P. 50(a)(2).

### II. COLOR OF STATE LAW AND SHAWN PETTIT

In a civil rights action against an off duty police officer the plaintiff must establish more than that the defendant is a police officer. "Under color of state law" means the pretense of state law and does not include officers involved in a purely private or personal dispute. Although it is technically true that a police officer technically a police officer for 24 hours a day, a police officer is not "on duty" 24 hours a day. This is impossible as there are times and scenarios where it would be impossible for an officer to go on duty if requested to. One example that has been discussed extensively in this trial is the fact that Mr. Pettit had consumed 5 or 6 beers after getting off duty. It is only common sense to deduct that it was impossible for Mr. Pettit to be called on duty at that point. As a result, Plaintiffs' assertion that City of Lincoln Police Officers are "on duty 24/ 7" is simply not reality. This was demonstrated by the testimony of Mr. Pettit, Mr. Lynn, and Mr. DeVore. Even in light of Mr. DeVore's prior statement discussed during his deposition that as far as he knew, City of Lincoln police officers are on duty 24/7, Mr. DeVore clarified his previous testimony.

transform from "off duty" when a police officer acts in a manner that is personal and not while performing any actual or pretended duty, the police officer is not within the purview of Section 1983. In the Seventh Circuit, "[w]hether a particular action was under color of state law

2

depends 'largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties.'" *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515-16 (7th Cir. 2007). (quoting *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995)). In addition, a plaintiff's assertion that a defendant is employed as a police officer does not necessarily mean that the defendant always acts under color of state law. *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990). As a result, the key question to consider to determine whether a police officer was acting under color of state law at the time of the incident in question was the nature of the specific acts performed. See *Pickrel*, 45 F.3d at 1118-19. Mr. Jones and Ms. Vincent allege that Mr. Pettit was acting under color of state law on July 5, 2008.

With respect to the July 5, 2008, altercation between Mr. Pettit, Mr. Jones and Ms. Vincent, the evidence clearly demonstrates that Mr. Pettit was not acting under color of state law. At most, the evidence in this matter demonstrates an altercation between private citizens occurred.

Mr. Jones admitted during trial that he had no idea who Mr. Pettit was on July 5, 2008. Mr. Jones only discovered that Mr. Pettit was an off duty police officer well after the incident. Similar to Mr. Jones, Ms. Vincent testified at trial that she did not know Mr. Pettit was police officer until after the July 5, 2008 incident. Neither Mr. Jones nor Ms. Vincent provided any testimony or produced any indicia of evidence to even allege that Mr. Pettit held himself out as a police officer during the encounter on July 5, 2008.

In addition to the testimony of Mr. Jones and Ms. Vincent, other party and witness testimony in this matter overwhelmingly demonstrates that Mr. Pettit was not acting under color of state law on July 5, 2008. Mr. Pettit testified that after he got off duty on July 4, 2008, he

3

went home, changed into civilian clothes, and returned to downtown Lincoln to meet up and socialize with friends. Mr. Pettit further testified that none of his clothes had any indicia that could possibly lead someone to believe he was a police officer. Witness Jason Lucas testified that Mr. Pettit was off duty on July 5, 2008. Additional occurrence witnesses Jeffrey Walsh and Kenneth Skirven testified that that they did not observe Mr. Pettit engage in any type of conduct to indicate he was acting under color of state law while interacting with Mr. Jones or Ms. Vincent.

Plaintiff's also made an issue regarding certain sections of the City of Lincoln Code to suggest that City of Lincoln Police Officers are "on duty" 24/7. Specifically, Plaintiffs identified sections 6-1-4, 6-1-8, and 6-1-11 to suggest that Mr. Pettit was on duty at the time of the altercation. First, section 6-1-4 that addresses the discharge of officers' duties and responsibilities is inapplicable to this case because it is undisputed that Mr. Pettit was not on duty at the time of the incident as specifically defined in that section. Second, 6-1-8 is also only applicable to officers being requirement to be civil and respectful to the public while on duty. In fact, subparagraph (C) of section 6-1-8 specifically prohibits on duty officers from frequenting or loitering around a tavern. Finally, section 6-1-11 states that police officers "must be prepared to act at a moment's notice whenever their services may be required either on call by a superior officer or in view of a violation or threatened violation, of any law of the state or provision of this code." Again, no requirement that police officers are on duty 24/7, but rather if need be, and if possible, a police officer must be prepared. Furthermore, Mr. Pettit testified that when he approached Mr. Jones and Mr. Lucas, he in no way perceived no violation or threatened violation of the law.

4

Overall, the testimony of Mr. Jones, Ms. Vincent, and Mr. Pettit demonstrates that an altercation occurred between private individuals. This is also supported by the testimony of occurrence witnesses Mr. Lucas, Mr. Walsh, and Mr. Skirven.

This case has similarities as another case from this Court involving off duty police officers. *McCloughan v. City of Springfield*, 172 F. Supp. 2d 1009, (C.D. Ill. 2001). In *McCloughan* a physical altercation took place between a plaintiff and on off duty defendant police officer. *Id*. at 1011. On a motion for summary judgment, the defendant police officer claimed he was not acting under color of state law and in support thereof introduced evidence that he did not verbally identify himself as a police officer, was not in uniform, and did not display a badge, service revolver, or handcuffs. *Id*. at 1015-1016. In addition, the defendant was not on-duty and did not inform the plaintiff he was ever under arrest. This Court found that these factors weighed "in favor of a finding that he was acting as a private citizen and not under color of state law." *Id*. Nevertheless, this court determined that the plaintiff had introduced sufficient evidence that the defendant was acting pursuant to his duties as a police officer. In particular, this Court noted the introduction of evidence that the defendant had intervened in an altercation in which the plaintiff was involved and identified himself as a police officer in an attempt to prevent the plaintiff from leaving the scene. At that point a second physical altercation took place between plaintiff and defendant. As a result, this Court held the issue regarding color of state law was a question for the jury and denied summary judgment. *Id*.

Comparing the facts in this case with the facts in *McCloughan*, this Court may grant judgment as a matter of law in favor of Mr. Pettit. Similar to the defendant in *McCloughan*, Pettit never identified himself as a police officer to Mr. Jones or Ms. Vincent, was not in uniform, and did not display a badge, service revolver, or handcuffs. Furthermore, and in

contrast to the plaintiff in *McCloughan*, there is no testimony or other evidence in this matter that Mr. Pettit engaged in any type of activity that would indicate he was acting under color of state law. Again, both Mr. Jones and Ms. Vincent testified that they were not aware Mr. Pettit was a police officer until after the incident of July 5, 2008. More importantly, Mr. Pettit testified that when he walked back to where Mr. Jones and Ms. Vincent were standing, he was not under the impression that any type of violation or threatened violation of any state law or local city code took place or was about to take place. Simply put, Mr. Pettit went back to see what was taking place and to communicate to Mr. Jones and Ms. Vincent that he had not intended for them to feel they were invited to his home. Although the facts surrounding the incident are disputed, at most, there was an altercation between private individuals on July 5, 2008. Therefore, Plaintiffs' allegations fail to state a viable § 1983 cause of action against Mr. Pettit because he was not acting under color of state law on July 5, 2008.

### III. PLAINTIFF JEFFREY JONES COUNT OF UNLAWFUL ARREST AGAINST DEFENDANT KEVIN LYNN

#### a. Probable cause existed to arrest Jeffrey Jones on July 5, 2008.

Jeffrey Jones alleges that Kevin Lynn lacked probable cause to arrest him on July 5, 2008. In order to prevail on his claim that the July 5, 2008 arrest was in violation of the Fourth Amendment, Mr. Jones must show that he was arrested without probable cause. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). On the other hand, probable cause is an absolute defense to a claim for violation of the Fourth Amendment. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). A police officer does not violate the Fourth Amendment when the police officer has probable cause to believe that a person has committed a criminal offense, even if the criminal offense is minor in nature. *Ray v. City of Chicago*, 629 F.3d 660, 661 (7th Cir. 2011). Police officers have probable cause to arrest an individual if at the time the arrest was carried

6

out, the facts and circumstances within the police officers' knowledge and of which the police officers had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the individual has committed an offense. *Johnson v. Franks*, 2011 U.S. Dist. LEXIS 22014, at 11-12 (C.D. Ill. March 4, 2011).

In this case, probable cause existed for the arrest of Mr. Jones on July 5, 2008 in connection with the report of a battery that Mr. Jones had inflicted on Mr. Pettit that Mr. Lynn received from Jason Lucas. There is no dispute in this trial that Mr. Jones struck Mr. Pettit in the face with a closed fist. Mr. Lynn acknowledged in his testimony that he had probable cause to arrest Mr. Jones on July 5, 2008 in connection with the information Mr. Lynn received from Mr. Lucas. Furthermore, Mr. Lucas testified in open court that he informed Mr. Lynn that he personally observed Mr. Jones strike Mr. Pettit in the face with a closed fist. Mr. Pettit testified that after he was punched in the face by Mr. Jones, he called the police and reported it. Shortly thereafter, Mr. Lynn received information through police dispatch that a battery had been reported near the Alley-Bi tavern. As a result, Mr. Lynn, along with other City of Lincoln Police Officers, went to the Alley-Bi tavern.

As these underlying facts are not in dispute, this Court may make the determination that probable cause existed for the arrest of Mr. Jones on July 5, 2008. *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993). In addition, eyewitness accounts of a crime are generally sufficient to establish probable cause. *Hebron v. Touhy*, 18 F. 3d 421, 422-423 (7th Cir. 1994). See also *Matthews v. City of East St. Louis*, 675 F.3d 703, 706 (7th Cir. 2012), "as long as a reasonably credible witness or victim informs the police that someone has committed a crime, or is committing a crime, the officers have probable cause." Similar to *Hebron* and *Mathews*, Mr. Lynn received credible eyewitness information that Mr. Jones had committed a

crime, the battery of Mr. Pettit. Finally, an officer such as Mr. Lynn on July 5, 2008, was entitled to end his investigation once he established probable cause. *McBride v. Grice*, 576 F.3d 703, 707-8 (7th Cir. 2009).

Accordingly, Defendants motion judgment as a matter of law should be granted in favor of Kevin Lynn with respect to Jeffrey Jones' claim that he was unlawfully arrested.

### b. Kevin Lynn is entitled to judgment as a matter of law based on qualified immunity.

Individual government employees are entitled to qualified immunity to shield themselves from the burdens of litigation and liability unless the government employee's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The doctrine of qualified immunity applies regardless of whether the government employee's error is based on a mistake of law, fact, or mixed questions of law and fact. *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

The government employee's right to qualified immunity turns on two questions answered in any order: 1) whether the facts presented, taken in the light most favorable to the Plaintiff, describe a violation of a constitutional right, and 2), whether the federal right at issue was clearly established at the time that the alleged violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818-22, 172 L. Ed. 2d 565 (2009).

Again, given the testimony of Kevin Lynn and Jason Lucas, Mr. Lynn is entitled to qualified immunity under the second prong of the qualified immunity test.

Similarly, Mr. Lynn is entitled to qualified immunity under the collective knowledge doctrine as the knowledge of one officer (Mr. Lucas) can be imputed to other officers under the

collective knowledge doctrine when said officers are in communication regarding a suspect. *United States v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000).

As a result, Kevin Lynn is entitled to judgment as a matter of law in his favor under Fed.R.Civ.P. 50 with respect to Jeff Jones' Complaint based on probable cause and qualified immunity.

### IV. QUALIFIED IMMUNITY

Individual government employees are entitled to qualified immunity to shield themselves from the burdens of litigation and liability unless the government employee's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The doctrine of qualified immunity applies regardless of whether the government employee's error is based on a mistake of law, fact, or mixed questions of law and fact. *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

The government employee's right to qualified immunity turns on two questions answered in any order: 1) whether the facts presented, taken in the light most favorable to the Plaintiff, describe a violation of a constitutional right, and 2), whether the federal right at issue was clearly established at the time that the alleged violation occurred. *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818-22, 172 L. Ed. 2d 565 (2009).

Under the first question in a qualified immunity analysis, the facts alleged by Mr. Jones and Ms. Vincent cannot establish a violation of a constitutional right by any of the Defendants. As set forth in above, Mr. Pettit was not acting under the color of state law on July 5, 2008, with respect to the encounter with Mr. Jones and Ms. Vincent. As a result, Mr. Pettit is entitled to qualified immunity. Similar to Mr. Pettit, Mr. Lynn's alleged actions on July 5, 2008, cannot be

construed as a violation of a constitutional right. Mr. Jones alleges that Mr. Lynn lacked probable cause to arrest Mr. Jones.

## V.  DAMAGES

Both Mr. Jones and Ms. Vincent have failed to show they sustained any compensatory damages as a result of the actions they allege were taken by Mr. Pettit and Mr. Lynn. As a result, neither one is entitled to any compensatory damages. Instead, the only available damage award would be nominal.

Finally, Defendants Shawn Pettit and Kevin Lynn are entitled to have the request for punitive damages eliminated from this matter. Mr. Jones and Ms. Vincent have failed to meet their burden of proof with respect to any evil intent or malicious conduct on behalf of Mr. Pettit and Mr. Lynn. Furthermore, Mr. Jones and Ms. Vincent have failed to meet their burden of proof of any reckless disregard of their rights by either Mr. Pettit or Mr. Lynn. As a result, the request for punitive damages should be removed from this suit.

## VI.  CONCLUSION

For the foregoing reasons, Defendants, SHAWN PETIT and KEVIN LYNN respectfully request this Honorable Court grant this motion for judgment as a matter of law in their favor and against Plaintiff.

        Respectfully submitted,

        SHAWN PETIT and KEVIN LYNN,
        Defendants

        By: TORRICELLI & LIMENTATO, P.C.

        By:  /s/ Nathaniel M. Schmitz
             Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of

TORRICELLI & LIMENTATO, P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFREY T. JONES and )
CHARLENE VINCENT, )
    Plaintiff, )
)
vs. ) No. 10-CV-3131
)
SHAWN PETIT, Police Officer, City of Lincoln )
and )
KEVIN LYNN, Police Officer, City of Lincoln )
    Defendants. )

**CERTIFICATE OF SERVICE**

TO:  Michael J. Costello            Douglas A. Muck
      Costello Law Office           Century Building, Suite 2
      820 S. 2nd Street, 1st Floor    207 S. McLean Street
      Springfield, IL 62704         Lincoln, IL 62656

    The undersigned does hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS SHAWN PETIT and KEVIN LYNN: MOTION FOR JUDGMENT AS A MATTER OF LAW** was served upon the person(s) named herein, at the address(es) set forth herein, via electronic mail and / or by enclosing the same in an envelope(s), properly addressed, with postage fully prepaid, and by depositing said envelope(s) in a U. S. Mail Box in Champaign, Illinois on the 23rd day of January, 2014.

                                        By:  /s/ Nathaniel M. Schmitz
                                                 Nathaniel M. Schmitz

Prepared by:
Nathaniel M. Schmitz of
TORRICELLI & LIMENTATO, P.C.
Attorney Registration #: 6290697
2504 Galen Drive, Suite 101
Champaign, IL 61821
Telephone: (217) 355-5510
Facsimile: (217) 355-5573
E-Mail: nschmitz@tllawfirm.com